UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61582-CIV-LENARD

**OFFICE BUILDING, LLC,**

    Plaintiff,

v.

**CASTLEROCK SECURITY, INC., LYDIA SECURITY MONITORING, INC. d/b/a C.O.P.S. MONITORING, and BRIAN JOHNSON,**

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (D.E. 10)**

**THIS CAUSE** is before the Court on Plaintiff Office Building, LLC's ("Plaintiff") Motion for Remand to State Court ("Motion," D.E. 10), filed on September 27, 2010. Defendants CastleRock Security, Inc. ("CastleRock"), Lydia Security Monitoring, Inc., d/b/a/ C.O.P.S. Monitoring ("C.O.P.S.") and Brian Johnson (collectively "Defendants") filed their Opposition to the Motion ("Opposition," D.E. 18) on October 13, 2010 to which Plaintiff Replied ("Reply," D.E. 20) on October 22, 2010.  Having reviewed the Motion, Opposition, Reply and the record, the Court finds as follows.

**I.**    **Factual and Procedural Background**

This case involves Plaintiff's attempt to collect monies due under the terms of a lease agreement between it and Defendant Security Associates International, Inc. ("SAI").  On May 4, 2009, after SAI allegedly ceased to pay Plaintiff under the terms of the lease


agreement, Plaintiff filed suit against it in the Seventeenth Judicial District in and for Broward County, Florida.[1]  SAI failed to appear and on July 6, 2009, the circuit court entered a Default Final Judgment against it in favor of Plaintiff for the amount of $272,681.28.

On May 11, 2010, Plaintiff filed a Motion for Proceedings Supplementary and to Implead Third Parties in circuit court.  The motion, filed pursuant to Florida Statutes §§ 56.29 and 726.108, indicated that Plaintiff had unsuccessfully attempted to execute against SAI on the Default Final Judgment and alleged that a fraudulent conveyance had been made between SAI and C.O.P.S. and/or CastleRock for the purpose of avoiding SAI's liabilities to Plaintiff.  (*See* Ex. A. to Pl.'s Mot. For Remand, D.E. 10-1.)  The circuit court granted Plaintiff's motion for impleader on July 19, 2010, deeming the Impleader Complaint filed as of that date.

The Impleader Complaint retains SAI as a defendant, adding Impleader Defendants CastleRock Security Inc., Lydia Security Monitoring, Inc., d/b/a C.O.P.S. Monitoring and Brian Johnson.  (*See* Ex. to Notice of Removal, D.E. 1-2.)  Plaintiff alleges fraudulent conveyance against Defendants (Count I) and seeks execution on and an order of attachment against funds transferred by SAI to C.O.P.S. Monitoring and/or CastleRock.  (*Id.*)

Defendants removed the action on August 27, 2010, alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, and therefore

---

[1]  Plaintiff alleges that the action commenced on April 30, 2009, however the Default Final Judgment (D.E. 1-2) indicates that the complaint was filed on May 4 and SAI was served on May 5.

removal is proper under 28 U.S.C. § 1441. (Notice of Removal at ¶¶ 1-3, D.E. 1.) Defendants claim that complete diversity exists between the parties and the amount in controversy exceeds the jurisdictional threshold, $75,000.00. (*Id*. ¶ 3.)

Plaintiff now moves for remand to state court and for attorney's fees and costs. (Mot. at 1.) Plaintiff's Motion makes four arguments in support of remand: (1) Defendant C.O.P.S. is a Florida corporation and therefore complete diversity does not exist; (2) this action is a continuation of the state court suit against SAI and not an independent cause of action; (3) the Notice of Removal is procedurally defective; and (4) the Notice of Removal is further defective because the Defendants failed to obtain consent of Defendant SAI to the removal of this action.

Defendants oppose Plaintiff's Motion and dispute each of Plaintiff's four arguments for remand. They argue that complete diversity exists, stressing that CastleRock is a citizen of Delaware and Illinois, C.O.P.S. is a fictitious corporation and its alias, Lydia Security is a citizen of New York and New Jersey. Defendants also contend that this action is independent of Plaintiff's suit against SAI and therefore appropriate for removal to federal court. Pursuant to Defendants' interpretation of the state court suit, the pleadings and orders pertaining to SAI do not apply to them, nor is SAI a defendant in the instant action for fraudulent conveyance. Accordingly, Defendants maintain that all requirements of removal – consent of all defendants, filing notice in removal in district court and filing of all required papers in the state court action – are met in this case and therefore removal is proper.

## II.     Discussion

The Court finds it necessary to first address the question of whether this case is an independent action or supplemental proceeding to the suit against SAI.  Concluding this case to be in the latter category, essentially a continuation of the Plaintiff's suit against SAI, the Court finds it improperly removed.  Remand is proper on this ground alone.  Therefore, the Court need not reach the disputed citizenship of the Defendants or the alleged deficiencies in the removal process.

### A.     Plaintiff's Supplemental Proceedings Under Florida Statute §56.29 Were Improperly Removed

Florida Statute *section* 56.29 provides a procedural mechanism through which a judgment creditor may implead third parties in order to expeditiously discover assets which may be part of the judgment and subject these assets to "a speedy and direct proceeding in the same court in which the judgment was recovered." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, 2011 U.S. Dist. LEXIS 32023, *2 (S.D. Fla. Mar. 16, 2011) (citation omitted); *see Allied Indus. Int'l, Inc. v. AGFA-GEVAERT, Inc.*, 688 F.3d 1516, 1517 (S.D. Fla. 1988).  The intent of the Florida legislature in enacting § 56.29 was to give creditors "a swift summary disposition of issues," while "preserving the equitable character of both proceedings and the remedies available." *Allied Indus.*, 688 F.3d at 1517 (citations omitted).  "Proceedings supplementary are not independant causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs.*, 2011 U.S. Dist LEXIS at *4; *see*

*Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. 4th DCA 2006).

Florida courts have developed two jurisdictional prerequisites for supplementary proceedings under § 56.29: (1) an unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of entities to be impleaded. *Bleidt v. Lobato*, 664 So. 2d 1074, 1075 (Fla. 5th DCA 1995); *Wieczoreck v. H&H Builders, Inc.*, 450 So. 2d 867, 871 (Fla. 5th DCA 1984); *see* Fla. Stat. Ann. § 56.29(1). The statute is then given a "liberal construction in order to afford a judgment creditor the most complete relief possible" without having to initiate a separate action. *Pollizzi v. Paulshock*, 52 So. 3d 786, 789 (Fla. 5th DCA 2010). Indeed, there is no requirement that a judgment creditor must make a *prima facie* showing that a putative third-party defendant holds the assets subject to judgment prior to impleading that defendant. *See Exceletech, Inc., v. Williams*, 597 So. 2d 275 (Fla. 1992); *Khobarid Holding, S.A. v. Reizen*, 2007 U.S. Dist. LEXIS 3, **8-9 (S.D. Fla. Jan. 2, 2007) (Torres, Mag.) (granting plaintiff's motion to commence supplementary proceedings and implead third parties alleged to have taken part in fraudulent transfer of assets).

Impleader under § 56.29 does not establish the third party's liability. *Allied Indus.*, 688 F.3d at 1518; *Wieczoreck*, 450 So. 2d at 871. Instead, third party defendants are given the opportunity to protect their interests and raise any defenses, consistent with the requirements of due process. *Allied Indus.*, 688 F. Supp. at 1518. Once impleaded under § 56.29, the third party defendant must appear before the court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's

5

judgment.  *ABM Fin. Servs.*, 2011 U.S. Dist. LEXIS at *5.

The process just described is precisely what occurred in this action.  Plaintiff obtained a final judgement against SAI in circuit court on July 6, 2009.  Unable to receive satisfaction of the final judgment, Plaintiff moved that court for supplementary proceedings and impleader against Defendants pursuant to § 56.29.  The motion alleges that (1) prior to Plaintiff's suit against SAI, SAI sold its assets to C.O.P.S. and/or CastleRock; (2) SAI changed its name to CastleRock and continued to conduct the same business; (3) SAI and CastleRock share the same office, employees, officers, directors and president, Brian Johnson, who was the "catalyst" behind SAI's asset transfer.  The motion attached an affidavit by Plaintiff's attorney, which stated that Plaintiff's efforts to execute on the judgment against SAI failed, and the proposed Impleader Complaint.  On July 19, 2010, the circuit court, apparently finding that all necessary jurisdictional requirements and averments were met, granted Plaintiff's motion and deemed the Impleader Complaint, naming SAI, CastleRock, C.O.P.S. and Johnson as Defendants, filed as of that date.

Defendants, however, treat the Impleader Complaint as a separate action and ignore the previous suit against SAI.  Their Notice of Removal does not mention the suit against SAI, nor does it attach, as part of the state court record, any papers filed in the suit prior to the Impleader Complaint on July 19, 2010.  In Opposition to the Motion for Remand, Defendants downplay SAI's presence in the suit ("SAI is not named as a defendant in this action") and dispute that this is a supplemental proceeding that may not

be removed.

Beginning with the Supreme Court's decisions in *Bank v. Turnbull*, 83 U.S. 190 (1872), and *Barrow v. Hunton*, 99 U.S. 80 (1878), a line of cases have held that a federal court may not exercise jurisdiction over ancillary proceedings, or a case that is "a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it." *Barrow,* 99 U.S. at 82.  Removal of such cases is not proper.

*Barrow* involved an action to nullify a judgment of a prior action, brought by the judgment debtor in Louisiana state court.  *Id.*  The judgment creditor, one of the defendants in the action of nullity, removed the suit.  *Id.*  Examining the Louisiana Code of Practice, the Supreme Court found that "the action of nullity must be brought in the same court which rendered the judgment" and therefore the federal circuit court could not take jurisdiction over the suit.  *Id.* at 84-85 (reversing judgment and remitting the case with instructions to remand to state court).

Likewise, in *Turnbull*, the Supreme Court remanded an action removed by a third party intervenor, finding that "it was only auxiliary and incidental to the original suit." *Turnbull*, 83 U.S. at 195.  There, a bank recovered judgment against a debtor and attempted to execute against his personal property.  *Id.* at 193.  Turnbull & Co., claiming that property was theirs, intervened in state court and was granted an order to try the right of the property.  *Id.*  Turnbull & Co. subsequently removed the action to federal district court.  The proceeding by which Turnbull & Co. intervened prior to the writ of execution

7

"was intended to enable the court, the plaintiff in the original action, and the claimaint, to reach the final and proper result by a process at once speedy, informal, and inexpensive." *Id.* at 195. The Supreme Court ultimately remanded, noting that "[t]he contest could not have arisen but for the judgment and execution, and the satisfaction of the former would at once have extinguished the controversy between the parties." *Id.*

To be removable, an action must be "independent," not "supplementary or incidental to another action." *Int'l Org. Masters, Mates and Pilots of America, Local No. 2 v. Int'l Org. Masters, Mates and Pilots of America, Inc.*, 342 F. Supp. 212, 214 (E.D. Pa. 1972) (citing *Barrow*) (granting plaintiffs' motion for remand where second action was so closely intertwined that its removal would "do practical violence to the entire action."). For a federal court to take jurisdiction over such a supplemental proceeding would be tantamount to it serving as an appellate tribunal, reviewing errors allegedly committed by state courts. *McKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) (dismissing diversity action where plaintiff sought injunctive and declaratory relief that would invalidate state court judgment). Although such actions are scarce, and this Court is not aware of instances where supplementary proceedings under § 56.29 have been removed, the federal bar to exercising jurisdiction over ancillary or satellite actions of state suits remains intact and a sensible judicial rule. *See Armistead v. C&M Transport*, Inc., 49 F.3d 43, 46 (1st Cir. 1995).

The instant action is clearly a supplemental proceeding to the original suit. Procedurally, § 56.29 allows for an expeditious and informal resolution to the Plaintiff's

outstanding judgment against SAI.  See Turnbull, 83 U.S. at 195.  It is clear from the discussion of this statute by Florida courts and the courts of this District, *supra*, that this suit is nothing more than a continuation of Plaintiff's action against SAI.  Substantively, no new controversy has arisen; and the relationship between the cause of action against SAI and that against the Impleader Defendants is closely intertwined.  *See IOMMPA*, 342 F. Supp. at 215 (cautioning that substance, rather than form, must govern the analysis).  It is especially telling that Plaintiff's cause of action against the Impleader Defendants arises out of and cannot exist independently of Plaintiff's judgment against SAI.  *Id* at 215, n.14.

Defendants' arguments to the contrary are unavailing.  SAI remains in the style of the suit.  No additional claims are asserted against SAI in the Impleader Complaint because a judgment has been awarded against it and, most importantly, Plaintiff alleges that C.O.P.S. and/or CastleRock has assumed all of SAI assets, personnel and business functions.  Defendant implies that Plaintiff's failure to beat a dead horse by re-alleging its cause of action against SAI in the Impleader Complaint somehow creates a new, independent action.  This argument belies both common sense and the purpose of § 56.29.  *See Allied Indus*., 688 F.3d at 1517.

Defendants claim that their acceptance of the validity of the default judgment against SAI does not prevent removal under *Barrow.  See Xtria, LLC v. Int'l Ins. Alliance, Inc.*, 2009 WL 4756365, *4 (N.D. Tex. Dec. 11, 2009).  This argument requires the Court to ignore Plaintiff's application of § 56.29 and its substantive claim, fraudulent

9

conveyance, against Defendants.  Here, Florida courts have been endowed with a mechanism, § 56.29, through which to control the process of execution on judgments.  As a result, Impleader Defendants are being asked to account for their role in divesting judgment debtor SAI of its assets prior to final judgment.  Although procedurally distinguished from *Barrow*, the Court finds that the circumstances fall in line with the spirit of *Barrow*, *Turnbull* and their progeny.

In light of the foregoing and the well-established principle that the removal statute is to be narrowly construed and uncertainties are to be resolved in favor of remand,[2] the Court finds that Defendants' removal of this supplemental proceeding was improper.

**B.     Miscellaneous**

Because the Court has found that defaulted Defendant SAI remains part of the action, the failure of the Impleader Defendants to obtain its consent renders the Notice of Removal defective.  *See Lazo v. US Airways, Inc.*, 2008 U.S. Dist. LEXIS 66814, *4 (S.D. Fla. Aug. 28, 2008) (Ryskamp, J.) (discussing rule of unanimity); *but see White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1303-04 (N.D. Fla. 2004) (discussing four exceptions to the rule of unanimity and potentially creating an exception for a defaulted defendant); *see also First Independence Bank v. Trendventures, L.L.C.*, 2008 U.S. Dist. LEXIS 6577, ** 22-23 (E.D. Mich. Jan. 30, 2008) (declining to follow the "exception" created by *White* and remanding case for failure to obtain consent of defaulted defendant).

---

[2]     *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

However, because the Court has found that it lacks jurisdiction to consider this supplemental proceeding and removal was improper on this basis, it declines to address the parties' remaining arguments.

### III.  Attorney's Fees

"Absent unusual circumstances, courts may award attorneys fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the lack of case law in the Eleventh Circuit interpreting the *Barrow* and *Turnbull* line of cases or dealing with removal of supplemental proceedings, the Court cannot conclude that Defendants lacked an objectively reasonable basis for seeking removal. Thus, the Court denies Plaintiff's request for attorney's fees and costs.

### IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, Plaintiff's Motion for Remand (D.E. 10), filed on September 27, 2010 is **GRANTED**;

3. This case is **REMANDED** to the Circuit Court for the Seventeenth Judicial District in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447(c), and the Clerk is directed to take all necessary steps and procedures to effect remand of the above-captioned action;

4. All pending motions are **DENIED AS MOOT**;

5. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of May, 2011.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**